UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAN TRUNG VAY, <br><br> Petitioner, <br><br> v. <br><br> CHRISTOPHER CHESTNUT, Warden of the California City Detention Facility, et al., <br><br> Respondents. | Case No.: 1:25-cv-01810-SKO (HC) <br><br> ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT <br><br> ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |

Petitioner was formerly a detainee of the United States Department of Homeland Security. He had filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his indefinite detention. On February 24, 2026, Respondent filed a status report indicating Petitioner had been removed to Vietnam and was no longer in custody. The Court will dismiss the petition as moot.[1]

**DISCUSSION**

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case

---

[1] All parties consented to the jurisdiction of the Magistrate Judge. (Docs. 8, 10.) On January 12, 2026, the case was reassigned to the undersigned for all further proceedings pursuant to 28 U.S.C. § 636(c). (Doc. 12.)

becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982).  The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam) (quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937)).

Here, the instant petition requested immediate release from indefinite detention.  Respondent submits that Petitioner was removed to Vietnam on February 19, 2026, via chartered flight.  (Doc. 24-1 at 2-3.) Respondents request the petition be dismissed as moot. Because there is no further relief that this Court can provide to Petitioner, the petition is now moot.

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is DISMISSED as moot. The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated:   **March 9, 2026**                        /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE